IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED

AUG 0 5 2020

Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT ANTHONY HOUSE,<br><br>Defendant. | CR 19-96-BLG-SPW<br><br>OPINION AND ORDER |

Before the Court are Defendant Robert Anthony House's objections to the Presentence Investigation Report's imposition of the Career Offender enhancement under United States Sentencing Guideline § 4B1.1.

## I. Background

On January 23, 2020, House appeared before United States Magistrate Judge Timothy Cavan and pled guilty to one count of felon in possession of firearm and one count of being a controlled substance user in possession of a firearm. This Court accepted House's guilty plea on February 7, 2020.

A Presentence Investigation Report (PSR) was prepared in anticipation of sentencing. The United States Probation Office calculated House's total offense level to be 21 and his criminal history category to be V. As a result, the guideline range for House's sentence is currently set at 70 to 87 months imprisonment. The

PSR author included two prior convictions in this total: 1) a conviction for Criminal Possession of Dangerous Drugs with Intent to Distribute – Marijuana, from July 9, 2007; and 2) a conviction for Accountability Criminal Distribution of Dangerous Drugs – Cocaine, from December 12, 2011. (PSR at ¶¶ 21, 22.)

House objected to the Presentence Investigation Report's conclusion that his state conviction for Accountability Criminal Distribution of Dangerous Drugs – Cocaine was a "controlled substance offense" under USSG § 4B1.1(a). (PSR ¶ 22). House also objected to the Report's conclusion that his state Criminal Possession of Dangerous Drugs with Intent to Distribute – Marijuana conviction was a "controlled substance offense" under this Circuit's categorical approach precedent. (PSR ¶ 21).

## II. Discussion

### A. Objection 1 - Whether House's 2011 conviction for distribution of cocaine meets the requirements of a "controlled substance offense" under USSG § 4B1.1(a).

House appears to make two legal arguments against the PSR's inclusion of his prior felony cocaine conviction. First, House contends that whether Montana's criminal accountability statute defines aiding and abetting in broader terms than the statute's federal counterpart merits judicial review. Second, House argues that the PSR erred in including the cocaine conviction as a "controlled substance offense" because the report relied on the Code of Federal Regulation's (C.F.R.) list of

controlled substances instead of that found in the Controlled Substances Act (CSA) itself.

This Court uses the categorical approach when determining whether a previous state felony conviction may be considered for a federal sentencing enhancement. *United States v. Brown*, 879 F.3d 1043, 1046 (9th Cir. 2018), *citing Taylor v. United States*, 495 U.S. 575 (1990). Through this approach, a court examines only the fact of conviction and the statutory definition of the offense. *Id.* "If a state law proscribes the same amount of or less conduct than that qualifying [under federal law], then the two offenses are a categorical match." *Id.*, *quoting United States v. Martinez-Lopez*, 864 F.3d 1034, 1038 (9th Cir. 2017). However, a state offense encompassing more activity than described in the federal statute cannot be used to enhance a federal sentence. *Id.* at 1047., *citing United States v. Hernandez*, 769 F.3d 1059, 1062 (9th Cir. 2014).

A controlled substance offense "include[s] the offense of aiding and abetting, conspiring, and attempting to commit . . ." Application Note 1, § 4B1.2. Aiding and abetting is further described as "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces, or procures its commission is punishable as a principal." 18 U.S.C. § 2. In comparison, the Montana criminal accountability statute provides that "[a] person is legally accountable for the conduct of another when . . . either before or during the

commission of an offense with the purpose to promote or facilitate the commission, the person solicits, aids, abets, agrees, or attempts to aid the other person in the planning or commission of the offense." § 45-2-302(1), MCA.

The Government points out that Montana's accountability statute is patterned after Illinois law. *State v. Tower*, 267 Mont. 63, 66, 881 P.2d 1317 (Mont. 1994). In *United States v. Sandoval-Ruiz*, the Fifth Circuit determined that Illinois' accountability statute was a categorical match to the federal guideline definition of a drug trafficking offense. 543 F.3d 733, 737 (5th Cir. 2008). The Illinois statute described accountability as "either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense." *Id.*, 736. Sandoval-Ruiz argued that by including soliciting in the statute, Illinois law exposed defendants to greater liability than the federal accountability statute which did not include soliciting. *Id.* The Fifth Circuit rejected this argument stating:

> As in the federal statute, the Illinois statute requires the commission of the substantive offense, the intent to promote the offense, and some form of participation in the offense. Unlike the federal statute, participation may be in the form of solicitation. Solicitation is further defined as "to command, authorize, urge, incite, request, or advise another to commit an offense." The practical meaning of this list of verbs does not differ from the practical meaning of the federal list in such a way as to make the Illinois statute more broad. For instance, a defendant under federal law found to have factually "requested" or "advised" a

>crime could reasonably be found guilty of having "induced" or "counseled" the crime.

*Id.*, 736-37. *See also United States v. Crum*, 934 F.3d 963, 965-66 (9th Cir. 2019) (holding that Oregon's inclusion of the term solicitation in its delivery-of-methamphetamine offense did not sweep more broadly than the federal sentencing guideline definition due to the federal definition's catch-all term ,"include," which expanded the definition to encompass terms not expressly described).

Defendant does not make his exact objection to Montana's accountability statute clear. However, should Defendant argue that the statute sweeps more broadly through the inclusion of solicitation and the possible criminalization of mere presence, it is important to note that Montana caselaw proves otherwise. In order to convict an individual of criminal distribution of dangerous drugs, the State must show that the individual took active steps to promote or facilitate the distribution of drugs. An individual's presence at the scene of a drug sale alone is not enough for conviction. *State v. Flately*, 2000 MT 295, 302 Mont. 314, 14 P.3d 1195 (Mont. 2000); *State v. Davis*, 2012 MT 129, 365 Mont. 259, 279 P.3d 162 (Mont. 2012).

Defendant also objects to the categorization of his previous cocaine felony as a controlled substance offense in light of the recently decided case, *United States v. Lasalle*, 785 Fed. Appx. 410 (9th Cir. 2019). In that case, Lasalle objected

to the use of his previous Montana conviction for criminal distribution of cocaine to enhance his federal sentence. Lasalle did not object to the guideline calculation at his sentencing, however, so the Ninth Circuit reviewed the case under plain error. *Id.*, 411. Lasalle argued that Montana's definition of cocaine encompassed more substances than the federal definition in the CSA and therefore subjected the defendant to greater criminal liability. *Id.* The Government responded that the Montana definition was not broader than the federal definition because it matched the regulatory definition. *Id.* The district court agreed with the Government and the Ninth Circuit affirmed that decision holding it was not clear or obvious that the district court should have looked at the CSA definition instead of the regulatory definition. The Ninth Circuit pointed to prior precedent upholding the use of federal regulation definitions when comparing criminal liability and more than twenty years of reliance on the regulation definitions to undercut Lasalle's argument. *Id.*, 412, *citing Coronado v. Holder*, 759 F.3d 977, 983 (9th Cir. 2014); 21 U.S.C. § 811; 21 U.S.C. § 812(c) n.1. This Court has also recently determined the issue of whether Montana's definition of cocaine fits within the federal definition and determined that it is a categorical match. *United States v. Holliday*, CR 18-118-BLG-SPW, Opinion and Order, Feb. 19, 2020. House does not express how his case differs from that of *Lasalle* or *Holliday*. Without further argument on how House's objection differs from that found in *Lasalle* or *Holliday*, this Court

rejects House's objection to the PSR's inclusion of his prior cocaine felony under USSG § 4B1.1(a).

> B. *Objection 2 – Whether House's 2007 conviction for possession of marijuana meets the requirements of a "controlled substance offense" under USSG § 4B1.1(a).*

House argues that the use of his 2007 felony conviction for criminal possession of marijuana cannot be used to enhance his federal sentence because Montana's definition of marijuana includes hemp whereas hemp was recently removed from the federal definition of marijuana in the 2018 Farm Bill. Specifically, Defendant states the conviction is not a categorical match "because [the crime] could have been committed with a plant that was not a federally controlled substance under the guidelines as of his sentencing date." (Doc. 59 at 7).

The Government responds that the recent amendment to 21 U.S.C. § 802(16) does not affect his conviction because the conviction was from 2007 and the amendment did not take place until 2018. Therefore, Defendant was not exposed to greater criminal liability than that found in federal law at the time of conviction. Further, the Government argues that Defendant has failed to satisfy his burden to demonstrate more than "legal imagination" in showing that Montana has used the broader definition to expose others to criminal liability for hemp.

As noted, 21 U.S.C. § 802(16) was amended in 2018 to exclude hemp, as defined in section 297A of the Agricultural Marketing Act of 1946[1], from the federal definition of marijuana. *Innovative Nutraceuticals, LLC v. United States*, 2019 U.S. Dist. LEXIS 131665, *14 (C.D. Cal 2019). In comparison, § 50-32-101(18), MCA, makes no such distinction but defines marijuana as "all plant material from the genus Cannabis containing tetrahydrocannabinol (THC) or seeds of the genus capable of germination." The Court finds that because this change did not take place until 2018, House was not subject to greater criminal liability in 2007 when he was convicted of his marijuana felony. Alternatively, House's argument fails under the modified categorical approach.

When a state and federal statute do not match exactly or if the state statute is narrower in definition, a court must consider whether a modified categorical approach may be used to determine whether the state statute and federal definition align. *United States v. Leal-Vega*, 680 F.3d 1160, 1169 (9th Cir. 2012). This modified approach is only available when dealing with divisible statutes. *Coronado*, 759 F.3d at 984. If a statute lists several disjunctive items constituting alternative elements and creating several, distinctive crimes, the statute is divisible. *Id.* As this Court previously determined in *Holliday*, by listing numerous different

---

[1] The term "hemp" means the plant Cannabis sativa L. and any part of that plant, including the seeds thereof and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not, with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent of a dry weight basis. 7 USCS § 163o(1).

substances under which an individual could be criminalized for, § 50-32-101, MCA, was a divisible statute. CR-18-118-BLG-SPW Opinion and Order, pg. 6-7; citing *Coronado*, 759 F.3d at 984-85.

Under the modified categorical approach, a court may go beyond the statute and review a limited number of documents from the underlying conviction including charging documents or plea agreements. *Leal-Vega*, 680 F.3d at 1168. A court cannot use the conviction for "sentencing enhancement unless 'the record includes documentation or judicially noticeable facts that clearly establish that the conviction is a predicate for enhancement purposes.'" *Id.*, 1164, *quoting United States v. Corona-Sanchez*, 291 F.3d 1201, 1203 (9th Cir. 2002). If both the statute and the judicially noticeable documents would allow the defendant to be convicted of an offense outside the scope of the federal statute, then the prior conviction cannot be used for enhancement purposes. *Id.*

Here, House is correct that Montana's definition of marijuana differs from the CSA's definition. By retaining hemp within the definition of marijuana, Montana's criminal statute leaves open the possibility that a defendant, possessing solely hemp, could be convicted of criminal possession of marijuana under Montana law but not under federal law. However, House must demonstrate more than a theoretical possibility that he faced greater criminal liability. *Gonzales v. Duenas-Alveraz*, 549 U.S. 183, 193 (2007). House "must at least point to his own

case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues." *Id*. House not only failed to provide any Montana cases imposing criminal liability for possession of hemp, but the judicially noticeable facts described in the underlying documents of his case make such an argument an impossibility. Both the Information and the Judgment filed in the underlying case (CDC 2007-230) establish that House plead guilty to possession of marijuana, a substance still included in the CSA, not possession of hemp. Therefore, the record confirms that House's prior conviction for possession of marijuana is a predicate offense for sentencing enhancement under § 4B1.1.

DATED this 5th day of August, 2020.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge