IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT ANTHONY HOUSE,<br><br>Defendant. | CR 19-96-BLG-SPW<br><br>ORDER |

Before the Court is Plaintiff United States of America's Motion for a Preliminary Ruling on Defendant Robert Anthony House's PSR Objection (Doc. 80), filed July 7, 2022. Defendant House filed his response to the motion and the Government's argument on July 21, 2022. (Doc. 85). House repeated his argument in his Sentencing Memorandum (Doc. 86), filed August 4, 2022. The Government also included a response argument in their Sentencing Memorandum (Doc. 89), filed August 4, 2022. The motion is deemed fully briefed and ripe for adjudication.

## I.   DISCUSSION

House appears before the Court for re-sentencing on remand from *United States v. House*, 31 F.4th 745 (9th Cir. 2022). There, House raised two arguments regarding his 2007 marijuana conviction and his 2013 cocaine conviction. The Ninth Circuit determined that House's 2007 marijuana conviction could not be

a qualifying offense based on its prior decision in *United States v. Bautista*, 989 F.3d 698 (9th Cir. 2021). The Ninth Circuit remanded the case back to this Court for resentencing based on its determination regarding the 2007 marijuana conviction. However, for House's 2013 cocaine conviction, the Ninth Circuit held "the district court's determination that House's 2013 cocaine conviction was a qualifying prior controlled substance offense for purposes of the § 4B1.2(b) sentencing enhancement was not plainly erroneous." *House*, 31 F.4th at 755.

Now, House objects to his base offense level calculation of 20. He argues the base offense level should be 14 because Montana's criminal statutory definition of cocaine is overbroad compared to the federal definition. The federal definition expressly excludes Ioflupane from its definition of cocaine whereas Montana's definition does not. *See* 21 U.S.C. § 812(c); 21 C.F.R. § 1308.12(b)(4); Mont. Code Ann. § 50-32-224(1)(d).

House presented the same argument before the Ninth Circuit on appeal. *House*, 31 F.4th at 754. Described by the Ninth Circuit:

> As to House's cocaine overbreadth contention, he raises new arguments on appeal that he did not present to the district court. In his opening brief, House asserts that '[t]he federal statutory definition of cocaine and the State of Montana statutory definition of cocaine differ, and the State of Montana's definition is broader.' But in his sentencing memorandum to the district court, House made different and more limited arguments. . . . Because House did not raise his current arguments at sentencing, we review the district court's sentencing calculation for plain error as to those contentions.

*House*, 31 F.4th at 754. The Ninth Circuit then determined this Court did not commit plain error and upheld the use of House's 2013 cocaine conviction as a qualifying offense. *Id*. at 755.

House now argues this Court should take up the argument and find that, like his 2007 marijuana conviction, the 2013 cocaine conviction cannot be a qualifying offense because of the supposed overbreadth of Montana's definition compared to its federal counterpart. The Government responds that the Ninth Circuit's mandate on remand prevents this Court from taking up House's argument now and, because House failed to properly raise the argument before the Ninth Circuit, he is now estopped from doing so here.

The law of the case doctrine prevents parties from relitigating issues previously decided by the same or a higher court in the same case. *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988). One exception to the law of case doctrine is when an intervening change in the law occurs. *U.S. v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). House argues that such an intervening change in the law is present here due to the Ninth Circuit's determinations in *Bautista* and *State v. Holliday*, 853 F.App'x 53 (9th Cir. 2021)—cases decided after House's original sentencing.

However, those cases were available to House at the time of his appeal—the Ninth Circuit specifically postponed argument on appeal in anticipation of the

*Bautista* decision—and House has failed to provide sufficient rationale for why he was unable to argue to the Ninth Circuit that plain error was not the proper review standard. "Generally, the Ninth Circuit will not consider issues raised for the first time on appeal." *U.S. v. Reyes-Alvarado*, 963 F.2d 1184, 1189 (9th Cir. 1992). This was the Ninth Circuit's rationale for refusing to consider House's overbreadth argument regarding the 2013 cocaine conviction during House's appeal. However, similar to the law of the case doctrine, an exception exists to this rule when new issues arise while the appeal is pending due to a change in the law. *Id.* Just as House now attempts to argue that the *Bautista* and *Holliday* cases represent a change in the law to prevent application of the law of the case doctrine, House was capable of making the same argument to the Ninth Circuit that plain error review was inappropriate. House presents no argument as to why he failed to do so. Intrinsic within the law of the case doctrine is the principle that parties should not be allowed to relitigate issues they previously had a fair opportunity to contest. *Vizcaino v. U.S. Dist. Ct. for W. Dist. of Washington*, 554 F.2d 990, 993 (9th Cir. 1977). Because House failed to raise this exception argument before the Ninth Circuit, the argument is waived, and the objection overruled as it is outside the scope the Ninth Circuit's remand. *See House*, 31 F.4th at 755.

## II.    CONCLUSION

IT IS HEREBY ORDERED that Plaintiff United States of America's Motion for Preliminary Ruling on House's PSR Objection is GRANTED and House's PSR objection regarding the 2013 cocaine conviction is overruled.

DATED this _____ day of August, 2020.

_Susan P. Watters_

SUSAN P. WATTERS
United States District Judge